1  KENDRA J. JEPSEN, Esq.
Nevada State Bar No. 14065
2  JEPSEN LAW, PLLC
405 Marsh Street
3  Reno, Nevada 89509
Telephone: (775) 376-7070
4  Kendra@JepsenLawNV.com
SILVIA U. VILLANUEVA, ESQ.
5  Nevada State Bar No. 13608
BLACK & WADHAMS
6  50 W. Liberty Street, Ste. 1100
Reno, Nevada 89501
7  svillanueva@blackwadhams.law
*Attorneys for Amber Howell*

8

9

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

10

11

12  AMBER HOWELL

13          Plaintiff,                          Case No.: 3:24-cv-00280-CSD

14  vs.

15  WASHOE COUNTY,                   **STIPULATED PROTECTIVE ORDER**
 a political Subdivision of the
16  State of Nevada, and DOES I-XX

17

18          Defendants.

19  _____/

20

21          AMBER HOWELL ("**Plaintiff**") by and through her counsel, Kendra J. Jepsen, Esq. of

22  Jepsen Law, PLLC, and Silvia Villanueva, Esq. of Black & Wadhams, and WASHOE COUNTY

23  ("**Defendant**"), by and through its counsel (collectively "Parties"), stipulate and agree to the

24  following:

25          The Parties agree that throughout the proceedings in the above captioned matter it may be

26  necessary for Plaintiff or third parties to disclose personal and private healthcare information such as

27  medical records, diagnoses, treatment plans, radiology reports, mental health records, notes, genetic

28  information, and similarly associated confidential healthcare information that would otherwise be

*JEPSEN LAW, PLLC*
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

**JEPSEN LAW, PLLC**
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

protected under the federal Health Insurance Portability and Accountability Act ("**HIPAA**"). While the Parties recognize and understand the legal obligations and requirements the Plaintiff may have to turn over such information, the Parties also wish to ensure the reasonable protection of Plaintiff's very personal and private healthcare information. The Parties do not wish to unreasonably impede or burden the process, but simply wish to avoid unnecessary disclosure or dissemination of Plaintiff's personal and private healthcare information to the general public.

The Parties therefore stipulate that:

1.      This Protective Order shall govern the production and disclosure of information by or on behalf of any party or nonparty.

2.      For purposes of this Protective Order, "Protected Materials" shall include documents and information produced by Plaintiff to Defendant by whatever means or procedure, and includes compilations or excerpts of such materials that Plaintiff designates as "Confidential Protected Materials." The party seeking to designate materials as protected shall affix the legend "Confidential Protected Material" to each page that contains protected materials. The protections conferred by this Protective Order cover not only Protected Materials (as defined above), but also: (1) any information copied or extracted from Protected Materials; (2) all copies, excerpts, summaries, or compilations of Protected Materials; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Materials. Protected Materials shall be used in the above-captioned case only and for no other purpose. In addition, the Parties agree that either party may also designate information that may be produced by third parties pursuant to subpoena, or similar discovery methods, as Protected Materials. The party receiving the information (the "Receiving Party") agrees that if it receives documents or information pursuant to a subpoena ("Third Party Materials"), it will provide the other party (the "Non-receiving Party") with a copy of all Third-Party Materials. The Non-receiving Party will then have ten days from receipt of the Third-Party Materials to advise the Receiving Party if it seeks to have such material be designated as Protected Materials. The Receiving Party agrees that following the receipt of Third-Party Materials and until either (a) the ten day period elapses and Non-receiving Party has not responded or (b) the Non-receiving Party has advised that

he is not designating the materials as Protected Materials, the Receiving Party will treat the Third Party Materials as Protected Materials subject to this Protective Order.

3.     This Protective Order shall not abrogate or diminish any privilege or any contractual, statutory or other legal obligation or right of any party with respect to Protected Materials.

4.     All Protected Materials will be deemed confidential for purposes of this Protective Order unless (i) the information has become publicly available without breach of this Protective Order, (ii) the information has become part of the public domain, (iii) if a party is required to disclose the information under law or in a judicial or other governmental investigation or proceeding, provided the other party has been given prior notice and the disclosing party has sought all available safeguards against widespread dissemination prior to such disclosure, or (iv) until any materials become non-confidential pursuant to the mechanisms provided in paragraph 6 this Protective Order.

5.     Unless and until any materials become non-confidential pursuant to the mechanisms provided in this Protective Order, access to Protected Materials shall be restricted in accordance with the following provisions:

(a)     Counsel for each party shall restrict access to the Protected Materials produced by any other party or nonparty by limiting the dissemination of such material to the Parties themselves and their respective attorneys and the attorneys' respective paraprofessionals representing the parties in this lawsuit, including in-house counsel for a party ("Counsel of Record"). Any and all further disclosure of Protected Materials shall be governed by the provisions of this Protective Order.

(b)     No copies, extracts or summaries of any Protected Materials shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as confidential. The Protected Materials shall not be delivered or exhibited to any persons except as provided by this Protective Order.

(c)     Counsel of Record may allow access to the Protected Materials to consultants, including consultants designated to testify as expert witnesses, provided: (1) such experts and consultants are not (i) current directors, officers or employees of Washoe County (Excluded Parties) or (ii) experts or consultants for any Excluded Party; (2) such experts and consultants shall not be permitted to provide advice, analysis, or recommendations to any Excluded Party; (3) that any such

JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

3

expert or consultant shall first be provided with a copy of this Protective Order. Consultants and experts are hereby specifically advised that their written work product which contains or discloses the substance of the Protected Materials is subject to all the provisions of this Protective Order.

(d)    During depositions, Counsel of Record may question any witness about Protected Materials. Any document so referred to may be marked as an exhibit but no such document, or any portion thereof, shall be attached to any publicly-available deposition or other transcript without the written consent of the other party. Portions of deposition transcripts may be designated as "Confidential" by either of the parties during depositions and/or within ten judicial days of receipt of the deposition transcript, including exhibits consisting of Protected Materials, and materials so designated shall be bound under seal separately from the non-confidential portions of the transcript.

(e)    In the event that any Protected Materials are attached to, or quoted or summarized in any pleadings, motion papers or other papers filed with this Court or any other court and said Protected Materials would be disclosed in any way therein, such Protected Materials, pleadings or papers shall be submitted to the Court with a request to file under seal in accordance with the Federal Rules Governing Sealing and Redacting Court Records. Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be similarly identified and shall be maintained as confidential as described herein.

(f)    Any pleadings, motion papers or other papers not filed under seal shall have deleted therefrom all Protected Materials and all portions of such pleadings or papers that would disclose the substance of Protected Materials, provided, however, that any Protected Materials served upon Counsel of Record need not have said materials deleted therefrom.

6.    If any party seeks to use or disclose any specific items in the Protected Materials which the party contends are not confidential, or if any dispute arises as to whether any specific items in the Protected Materials are confidential, then the parties shall try first to resolve such dispute in good faith on an informal basis. If the parties are unable to resolve their dispute informally, a party may contest the designation of such specific items as confidential. The party contesting the designation must advise the other party of the specific items that they are contesting and the use that the party seeks to make of the contested materials.

JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

4

**JEPSEN LAW, PLLC**
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

In no event will either party contest the designation of all or most of the Protected Materials in a manner that violates the spirit of this Protective Order. In response, the non-contesting party may consent to the de-designation of the materials for the specific use described by the contesting party. Alternatively, if the non-contesting party chooses, they may, within 10 business days from receiving written notice that the materials' confidential nature is being contested, file a motion with the Court seeking the Court's ruling as to the confidential nature of the specific materials and whether the materials may be used in the manner described by the contesting parties. The non-contesting party may only file such a motion if the party believes in good faith that the contested materials contain sensitive, confidential information whose disclosure to another party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means. The contesting party may choose to oppose the non-contesting party's motion with the Court, and then the non-contesting party may file a reply brief in support of their motion.  If the non-contesting party fails to either consent to de-designation or fails to file a motion with the court within 10 business days from receiving written notice that the materials' confidential nature is being contested, the materials at issue will be deemed de-designated.

On such motion practice, the contesting party shall have the burden of proving that the material whose confidential nature is being contested is not entitled to protection under this Protection Order. Prior to the ruling by the Court on such motion, the disputed information shall be treated by the parties as confidential. No such Court filings shall attach the contested materials, and those materials may only be provided to the Court either during a hearing on the non-contesting party's motion or if either party files a motion to seal the record pursuant to the Federal Rules Governing Sealing and Redacting Court Records. All materials being contested as non-confidential will remain confidential and subject to the provisions of this Protective Order unless and until the Court orders that those materials be de-designated. If the Court permits the de-designation of any material and five days have passed after notice of entry of an order granting the motion, then the party may proceed with the proposed use or disclosure.

7.    Nothing contained in this Protective Order shall preclude any party or nonparty from seeking or obtaining, upon an appropriate showing, additional protection with respect to any documents, information, or other Protected Materials.

8.    The Court may modify this Protective Order at any time or consider any dispute which may arise hereunder upon motion of any of the Parties.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

**JEPSEN LAW, PLLC**
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

6

1         9.      This Protective Order shall remain in effect unless terminated by stipulation of the

2   Parties or pursuant to Court order. Insofar as they restrict the disclosure, treatment, or use of

3   information subject to this Protective Order, the provisions of this Protective Order shall continue to

4   be binding after the termination of this action, unless the Court orders otherwise. Any violation of

5   this Protective Order, whether during or after the litigation and any appeals thereof, may be subject

6   the violating party, attorney, expert, or other person who has secured access to any of the Protected

7   Materials to an order of contempt, temporary, preliminary and permanent injunctive relief, and/or

8   sanctions.

9   Dated this 2nd day of April 2025.

By:   */s/Kendra Jepsen*
      KENDRA J. JEPSEN, Esq.
10         Nevada State Bar No. 14065
      JEPSEN LAW, PLLC
11         405 Marsh Street
      Reno, Nevada 89509
12         *Attorneys for Plaintiff, Amber Howell*

13

14

15   Dated this 2nd day of April 2025.

By:   */s/Silvia Villanueva*
      SILVIA U. VILLANUEVA, ESQ.
16         Nevada State Bar No. 13608
      BLACK & WADHAMS
17         50 W. Liberty Street, Ste. 1100
      Reno, Nevada 89501
18         *Attorneys for Plaintiff, Amber Howell*

19

20   By:
      */s/Michael Large*
21   Dated this 2nd day of April 2025.      MICHAEL W. LARGE
      Nevada State Bar No. 10119
22         DEPUTY DISTRICT ATTORNEY (Civil)
      One South Sierra Street
23         Reno, Nevada 89501
      *Attorneys for Defendant*

24                            ORDER

25   Paragraph 9 - The Protective Order is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this Court.

26   **IT IS SO ORDERED.**
**DATED: April 4, 2025.**

27   

28       U.S. MAGISTRATE JUDGE

**JEPSEN LAW, PLLC**
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070