UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| AMBER HOWELL, | Case No.: 3:24-cv-00280-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 31 |
| WASHOE COUNTY, |  |
| Defendant |  |

Currently pending before the Court is Plaintiff's Objection (ECF No. 31), to the court's order granting Defendant's motion to dismiss, (ECF No. 28). In the objection, Plaintiff argues that "Magistrate Denney"[1] erroneously dismissed her sixth and seventh claims for relief without prejudice and the District Judge should review and reverse that portion of the order under Federal Rule of Civil Procedure 72(b)(3).[2] (*See* ECF No. 31.) Defendant responded, arguing first that an objection under Rule 72(b)(3) was improper and alternatively that Plaintiff did not meet the standard for a motion for reconsideration. (ECF No. 32.)

On July 2, 2024, this case was directly referred to Magistrate Judge Craig Denney pursuant to the District of Nevada's General Order 2023-11. (ECF No. 2.) Pursuant to this general order, a percentage of most newly filed civil cases are assigned directly to Magistrate Judges. (*Id.* at 1.) However, consent to a Magistrate Judge is voluntary and therefore all parties in

---

[1] In 1990, the title "magistrate" was replaced with "magistrate judge." *Judicial Improvements Act of 1990*, PL 101–650, December 1, 1990, 104 Stat 5089 ("After the enactment of this Act, each United States magistrate appointed under section 631 of title 28, United States Code, shall be known as a United States magistrate judge. . . .").

[2] In her response to Defendant's motion to dismiss, Plaintiff withdrew her seventh claim for relief. (ECF No. 17 at 20, *see* ECF No. 28 at 1, n.1 (noting Plaintiff's withdrawal).)

cases directly assigned to Magistrate Judges are provided an option to decline consent by submitting a form. (*Id.*) If a party does not return the form within 21 days from their first appearance in the case, that party will be deemed to have knowingly and voluntarily consented to proceed before the assigned Magistrate Judge. (*Id.*) The form was also filed in this case on July 2, 2024. (ECF No. 3.) Neither party submitted the form.

Per Local Rule IB 2-1, once no party objected during the 21-day period, the court had the authority to conduct any or all proceedings in the case, including the conduct of a jury or non-jury trial, and may order the entry of a final judgment under 28 U.S.C. § 636(c). In conducting those proceedings, a Magistrate Judge may hear and determine any and all pretrial and post-trial motions filed by the parties, including case-dispositive motions. *See Washington v. Kijakazi*, 72 F.4th 1029, 1035 (9th Cir. 2023) ("[J]urisdiction under § 636(c)(1) gives the magistrate judge's ruling 'the same effect as if it had been made by a district judge.'") (quoting *Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681, 685 (9th Cir. 2016)).

Critically, the Ninth Circuit held that when a Magistrate Judge has full jurisdiction over the case, parties do not have "the right to have any Rule 72(a) motion decided *at all*, much less by the district judge." *Branch v. Umphenour*, 936 F.3d 994, 1001 (9th Cir. 2019) (emphasis original). Accordingly, Plaintiff's Objection, (ECF No. 31), is **DENIED.**[3]

**IT IS SO ORDERED**.

Dated: April 16, 2025

                                                                   Craig S. Denney
                                                                   United States Magistrate Judge

---

[3] As Plaintiff does not have the right to file a Rule 72(a) motion in this case, the court will not address any arguments aimed at the substance of the court's order granting Defendant's motion to dismiss.