KENDRA J. JEPSEN, Esq.
Nevada State Bar No. 14065
JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, Nevada 89509
Telephone: (775) 376-7070
Kendra@JepsenLawNV.com

SILVIA U. VILLANUEVA, ESQ.
Nevada State Bar No. 13608
BLACK & WADHAMS
50 W. Liberty Street, Ste. 1100
Reno, Nevada 89501
SVillanueva@BlackWadhams.law
*Attorneys for Amber Howell*

**JEPSEN LAW, PLLC**
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

AMBER HOWELL

Plaintiff,

vs.

WASHOE COUNTY,
a political Subdivision of the
State of Nevada, and DOES I-XX

Defendants.
_________________________________/

Case No: 3:24-cv-00280-CSD

**SECOND AMENDED COMPLAINT AND JURY DEMAND**

Plaintiff, AMBER HOWELL ("**Plaintiff**" or "**Ms. Howell**"), by and through her counsel, Kendra J. Jepsen, Esq. of Jepsen Law, PLLC and Silvia Villanueva, Esq. of Black & Wadhams, states and alleges causes of action against Defendant, Washoe County ("**Defendant**" or "**County**"), as follows:

## I. PARTIES

1. Plaintiff is a citizen of the United States and the State of Nevada and at all material times was employed by Defendant as the Director of Washoe County Human Health and Services Agency ("WCHSA").

2. Plaintiff is a "qualified individual" within the meaning of 42 U.S.C. § 12111.

3. Defendant is a political subdivision of the State of Nevada and a "person" subject to suit within the meaning of 42 U.S.C. § 12111, § 2000e, § 1983, and NRS 613.310.

4. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111 et. seq., and NRS 613.310.

5. Defendant is a "Covered Entity" within the meaning of 42 U.S.C. § 12111.

6. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES I through XX, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges that each of the Defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to and damages caused proximately thereby to Plaintiff as herein alleged; that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of said Defendants DOES I through XX when same have been ascertained by Plaintiff together with appropriate charging allegations, and to join such Defendants in this action.

7. At all material times, KATE THOMAS ("**Ms. Thomas**") worked for the Defendant and held the title of Assistant County Manager.

8. At all material times, Ms. Thomas was an agent and/or employee of Defendant, acting or failing to act within the scope, course, and authority of her employment and her employer.

9. At all material times, PATRICIA HURLEY ("**Ms. Hurley**") worked for the Defendant and held the title of Director of Human Resources.

10. At all material times, Ms. Hurley was an agent and/or employee of Defendant, acting or failing to act within the scope, course, and authority of her employment and her employer.

11. At all material times, ERIC BROWN ("**Mr. Brown**") worked for the Defendant and held the title of County Manager.

12. At all material times, Mr. Brown was an agent and/or employee of Defendant, acting or failing to act within the scope, course, and authority of his employment and his employer.

13. All of the acts or failures to act herein were duly performed by and attributable to all Defendants, each acting as agent, employee, or under the direction and/or control of the others. Said acts or failures to act were within the scope of said agency and/or employment and each of the

**JEPSEN LAW, PLLC**
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

Defendants ratified the acts and omissions by the other Defendants. Whenever and wherever reference is made in this Complaint to any acts by Defendants, such allegations and references shall also be deemed to mean the acts of each of the Defendants acting individually, jointly or severally.

## II.
## JURISDICTION, VENUE AND JURY DEMAND

14. This case arises under the United States Constitution, 42 U.S.C. §§ 1983 and 1988, as amended, the Americans with Disabilities Act ("**ADA**" or "**Act**"), 42 U.S.C. § 12111 et. seq., § 12203, § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794a.

15. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C § 1331, which gives district courts the jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

16. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (1) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

17. The declaratory and injunctive relief sought is authorized by 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 1983, and Rule 57 of the Federal Rules of Civil Procedure.

18. This judicial district's unofficial northern division is the appropriate venue for this cause of action pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). The actions complained of took place in this judicial district; employment records and other evidence relevant to the allegations are maintained in this judicial district; and the Defendant conducts its affairs in this judicial district. Plaintiff hereby requests a jury trial relative to all issues so triable.

///

///

///

**JEPSEN LAW, PLLC**
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

## III.
## ADMINISTRATIVE PREREQUISITES

19. Plaintiff has complied with any and all administrative prerequisites for filing a civil action under section the ADA and Section 504 of the Rehabilitation Act of 1973.

A. On October 5, 2023, Ms. Howell timely filed a charge of discrimination and retaliation with the Nevada Equal Rights Commission ("NERC"), and with the Equal Employment Opportunity Commission ("EEOC");

B. Plaintiff exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff and her counsel received a Right-to-Sue letter from the Los Angeles District Office of the EEOC on June 5, 2024. *See* a true and correct copy of the Notice of Right to Sue Within 90 Days, attached hereto as **Exhibit 1**.

## IV.
## GENERAL ALLEGATIONS

20. Plaintiff incorporates by reference each of the foregoing allegations as if fully set forth herein.

21. In or about July 2015 the Board of County Commissioners appointed Plaintiff as the Director of WCHSA.

22. On or about April 4, 2023, Plaintiff attended the Washoe County Senior Advisory Board meeting, via the audiovisual platform Zoom, in Plaintiff's capacity as Director of WCHSA.

23. On or about April 12, 2023, Plaintiff attended a meeting with Ms. Thomas and Ms. Hurley.

24. During the April 12, 2023 meeting, both Ms. Thomas and Ms. Hurley informed Plaintiff that they received complaints that Plaintiff appeared under the influence of unknown substances at the April 5, 2023, Senior Advisory Board Meeting.

25. During the April 12, 2023 meeting, Ms. Thomas and Ms. Hurley informed Plaintiff that Plaintiff was being placed on paid administrative leave due to the complaints the Defendant received.

26. During the April 12, 2023 meeting, Ms. Thomas and Ms. Hurley also directed Plaintiff to submit to: (1) a drug and alcohol test, and (2) a substance abuse evaluation.

JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

27. On April 12, 2023, Plaintiff visited, for the first time, with a healthcare professional contracted with the Defendant, Janice Fung, Licensed Alcohol and Drug Counselor ("**County Therapist**") for the alleged substance abuse evaluation as requested by the Defendant.

28. On April 13, 2023, Plaintiff reported to ABC Workplace Services and provided a urine sample for drug and alcohol testing. The urine sample came back negative.

29. On April 14, 2023, Plaintiff discovered that the Defendant terminated all Plaintiff's access to Plaintiff's work cell phone and work email.

30. Plaintiff met with the County Therapist a total of four (4) times.

31. Following Plaintiff's second visit with the County Therapist, which was 2 (two) days after the Defendant placed Plaintiff on paid leave, Ms. Thomas and Ms. Hurley informed Plaintiff that Plaintiff was under investigation because the Defendant had received serious allegations against Plaintiff while Plaintiff was on leave.

32. On April 30, 2023, Plaintiff checked herself into Reno Behavioral Health as a result of Plaintiff's mental health condition and mental state.

33. On May 2, 2023, during a call between Plaintiff, Plaintiff's legal counsel, and Ms. Hurley, Ms. Hurley stated that she had received more allegations against Plaintiff.

34. The allegations against Plaintiff discussed at the May 2, 2023 call were over three (3) years old and the Defendant had not previously brought said complaints to Plaintiff's attention.

35. Ms. Hurley conceded to Plaintiff that the alleged complaints were more than three (3) years old but stated the delay in presenting said allegations to Plaintiff was the result of "new information". Notably, this "new information" surfaced approximately two weeks after Plaintiff was placed on leave and received an evaluation from the County Therapist.

36. On May 3, 2023, Plaintiff began treatment with Dr. Frank Lemus, Sr. in Reno, Nevada ("**Dr. Lemus**") and began undergoing intensive therapy two (2) times a week.

37. Dr. Lemus diagnosed Plaintiff with Major Depression, PTSD and Adjustment Disorder.

38. On May 12, 2023, Plaintiff presented to the County Therapist for the last of four meetings.

39. During the May 12, 2023 meeting between Plaintiff and the County Therapist, the

County Therapist reported to Plaintiff that it was not her opinion that Plaintiff had a substance use disorder, but instead believed that Plaintiff suffered from mental trauma as a direct result of Plaintiff's employment as Director of WCHSA.

40. Although framed as a substance use evaluation, the evaluation was a *de facto* medical exam. The evaluation made inquiries as to the nature and/or severity of Plaintiff's mental health diagnoses and then reported the same back to Defendant. The evaluation into Plaintiff's mental health diagnoses was not job-related, nor was it consistent with business necessity. Instead, the evaluation was Defendant's tool to determine the nature and/or severity of Plaintiff's disability.

41. During the May 12, 2023 meeting between Plaintiff and the County Therapist, the County Therapist recommended that Plaintiff obtain medical retirement and receive intensive Eye Movement Desensitization and Reprocessing ("**EMDR**") therapy.

42. During the May 12, 2023 meeting between Plaintiff and the County Therapist, the County Therapist told Plaintiff that she discussed Plaintiff's diagnosis and recommendations with the Defendant and informed Ms. Hurley that Plaintiff's medical conditions were the direct result of Plaintiff's employment with the Defendant.

43. During the May 12, 2023 meeting between Plaintiff and the County Therapist, and upon information and belief, the County Therapist recommended to the Defendant that the Defendant should offer Plaintiff medical retirement and pay for EMDR therapy.

44. Despite the County Therapist's diagnosis and recommendations, Plaintiff did not wish to retire and believed she would be able to return to her position as Director of the WCHSA after she underwent intensive therapy.

45. Upon information and belief, despite the Defendant learning of its Therapist's recommendation, the Defendant, specifically Ms. Hurley and Ms. Thomas, continued with their investigation into the complaints allegedly received during Plaintiff's paid administrative leave.

46. On May 23, 2023, Ms. Hurley sent Plaintiff and Plaintiff's attorney a letter directing Plaintiff to appear for a meeting with the Defendant's investigator for an investigative interview.

///

///

**JEPSEN LAW, PLLC**
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

47. On May 30, 2023, the County's Therapist provided a copy of Plaintiff's evaluation to Ms. Hurley, in which the County Therapist found that Plaintiff did not meet the criteria for a substance use disorder and had a low probability of having a substance use disorder.

48. On June 1, 2023, Plaintiff appeared for Plaintiff's investigative interview with the County investigator.

49. June 1, 2023 was the first time Plaintiff received any information regarding the alleged complaints made against Plaintiff.

50. Upon information and belief, the Defendant did not inform the County investigator of Plaintiff's ongoing substance use evaluation.

51. Upon information and belief, Ms. Hurley did not inform the Defendant investigator about Plaintiff's diagnosis.

52. Upon information and belief, Defendant only provided the County investigator with "evidence" to support the alleged complaints made against Plaintiff while Plaintiff was on paid administrative leave.

53. Upon information and belief, Defendant interviewed employees prior to Plaintiff's investigative interview and prior to Plaintiff being informed of the allegations against her.

54. On June 14, 2023, Plaintiff and Plaintiff's counsel met with Ms. Hurley.

55. During the June 14, 2023 meeting, Ms. Hurley handed Plaintiff a letter informing Plaintiff that the Defendant was placing Plaintiff on Leave Without Pay as a result of the County Investigator's preliminary findings.

56. During the June 14, 2023 meeting, Ms. Hurley did not address Plaintiff's mental health diagnoses and the evaluation the Defendant received from the County Therapist on May 30, 2023.

57. During the June 14th meeting, Plaintiff and Plaintiff's attorney inquired with Ms. Hurley about the County Therapist's evaluation of Plaintiff, which cites the Plaintiff's mental health issues. Ms. Hurley admitted to Plaintiff that Ms. Hurley received the written evaluation from the County Therapist on May 30, 2023 (fifteen days before the Defendant placed Plaintiff on Leave without Pay).

58. Rather than properly addressing Ms. Howell's disability, including engaging in an interactive process to determine reasonable accommodations, such as an extended leave of absence so

JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

that Plaintiff could undergo treatment for her mental health diagnoses, Defendant elected to instead take adverse action against Plaintiff.

59. On June 29, 2023, Plaintiff began EMDR therapy with Silver State Counseling.

60. On June 29, 2023, Ms. Howell applied for FMLA with Washoe County Human Resources, requesting the full 12 weeks of leave to seek out therapy and counseling services, as a reasonable accommodation for her disability.

61. On July 13, 2023, nearly a month after Plaintiff was placed on Leave Without Pay, and without the Defendant ever addressing Plaintiff's mental health diagnoses, Plaintiff received a letter from County Manager Mr. Brown, informing Plaintiff that based upon the findings of the County's investigation, he would be recommending Plaintiff's termination to the Board of County Commissioners.

62. The letter County Manager Mr. Brown sent to Plaintiff came after the County Therapist informed the Defendant about Plaintiff's disability. County Manager Brown's decision to expose Plaintiff to a public hearing on the investigative report and medical evaluation was an intentional effort by the Defendant to further discriminate against Plaintiff because of her diagnosed disability. The Defendant, by way of County Manager Brown, understood the adverse and malicious nature of subjecting Plaintiff to a public hearing.

63. Defendant, by and through the County Manager's recommendation, intended to make Plaintiff resign her position or Defendant knew or should have known that by making this recommendation, especially with Plaintiff's fragile mental state, Plaintiff would be unable to tolerate the public hearing necessary to challenge said recommendation.

64. The Defendant's actions were intended to force a resignation from Plaintiff and rises to the level of constructive discharge.

///

///

///

///

///

JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

## V.
## CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**

Civil Action for Deprivation of Rights
(*Violation of 42 U.S.C. §§ 1981a, 1988*)

65. Plaintiff incorporates by reference each of the foregoing allegations as if fully set forth herein.

66. Plaintiff is a "qualified individual" as defined under 42 U.S.C. §§ 12111 et. seq.,

67. At all relevant times, Plaintiff's diagnoses of Major Depression, PTSD and Adjustment Disorder substantially limited Plaintiff's major life activities, including her ability to think clearly, sleep, communicate, concentrate, and interact with others due to irritability, sadness, and depression

68. Plaintiff's disability and its limitation on Plaintiff's major life activities was objectively visible to others as well. For example, on May 1, 2023, Ms. Hurley drafted a letter to be placed in Ms. Howell's confidential employment file that stated on or around the first week of April, Ms. Thomas began receiving concerns from Division Directors regarding Plaintiff's behavior. The Division Directors described Plaintiff's behavior as "not being focused, hiding her head under her sweater, not speaking clearly, and constantly looking around and moving her mouth as if talking to herself."

69. However, beyond Plaintiff's disability, she is an intelligent, capable person who at all relevant times was employed by the Defendant in the position of Director of WCHSA for approximately eight (8) years. Plaintiff's skill, experience, education have allowed her to not only perform all job-related requirements, but "exceed requirements" as Thomas reported in Plaintiff's performance review dated July 12, 2022.

70. Plaintiff's doctors have provided Plaintiff with treatment and coping mechanisms to deal with her disability while allowing her to maintain employment within her skillset and professional purview. For example, intermittent leave of absence has been helpful to accommodate Plaintiff's disability, while also allowing Plaintiff to remain employed.

71. Since August 2023, Plaintiff has worked through an employment agency to provide contract services to the Division of Child and Family Services for the State of Nevada. Much of



JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

Plaintiff's job duties for the Division of Child and Family Services are similar to those roles and responsibilities she had while employed by the Defendant.

72. Defendant is a governmental entity and political subdivision of the State of Nevada.

73. Plaintiff has brought suit against Defendant for engaging in unlawful, intentional discrimination in violation of section 102 of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112.

74. In or about the first week of April 2023, the symptoms of Plaintiff's condition became outwardly apparent. Department Directors Ryan Gustafson, Cara Paoli, Pamela Mann, and Steve McBride reported behavioral observations including Plaintiff's inability to stay focused, complete a thought, or speak clearly. Although these characteristics were deemed "odd" behavior for Plaintiff, who had been employed by Defendant for eight (8) years, the Defendant decided that rather than engage in open communication and dialogue with the Plaintiff, they would instead place Plaintiff on paid administrative leave "as a result of" Plaintiff's behavior, which were merely symptoms of her condition.

75. In a letter from Ms. Hurley to Plaintiff's personnel file, Ms. Hurley states the following: "***[a]s a result*** of the concerns and the off behavior, Kate and I met with Director Howell, in person, on April 11, 2023 to discuss her behavior and the concerns we were receiving. It was discussed that ***due to*** this behavior and concerns for her and her staff, we would be engaging in a Fitness for Duty to evaluate regarding substance abuse." [emphasis added].

76. As directed by the Defendant, Plaintiff underwent drug and alcohol testing, and the urine sample came back negative.

77. Further, Defendant directed that Plaintiff be evaluated by one of its healthcare professionals. As directed, Plaintiff visited with the County Therapist on April 12, 2023, for the alleged substance abuse evaluation.

78. The County Therapist had the Plaintiff execute a "Consent for the Release of Confidential Information." Said consent form that the County Therapist asked Plaintiff to sign prior to Plaintiff's assessment allows the County Therapist to disclose and discuss Plaintiff's evaluation, diagnoses, prognoses, and treatment recommendations with third parties.

79. As part of the County Therapist's evaluation, the County Therapist conducted a review



JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

section entitled "Medical." In the Medical section of the evaluation, the County Therapist inquired into the Plaintiff's physical and mental health concerns, including "anxiety, high blood pressure, and endometriosis." The County's therapist also noted Plaintiff's sleep issues and sought "information about Plaintiff's physical and mental impairments."

80. The County Therapist's evaluation inquired into extremely personal areas of the Plaintiff's medical history, including questions about the trauma following the suicide of her boyfriend at age eighteen and if Plaintiff had ever had "psychiatric hospitalizations" engaged in "suicide attempts" or "self-harm." The medical portion of the evaluation ventured beyond the line of personal and became invasive when the County Therapist inquired into the Plaintiff's gynecological procedures, pregnancy, and sexual assault.

81. Surprisingly, the County Therapist did not inquire into Plaintiff's ability to engage in work responsibilities such as reading, communicating, or delegation of tasks and responsibilities, but did inquire into whether the Plaintiff was pregnant and whether she gets regular exercise. The portion of the evaluation that covered Alcohol and Drugs, was one paragraph in length and nominal in relation to the medical portion of the evaluation. Prior to Plaintiff's evaluation with the County Therapist, the last person Plaintiff spoke with in such depth was her primary care physician.

82. Following Plaintiff's second visit with the County Therapist, which was two (2) days after the Defendant placed Plaintiff on paid leave, Ms. Thomas and Ms. Hurley informed Plaintiff that Plaintiff was under investigation because the Defendant had received serious allegations against Plaintiff while Plaintiff was on leave.

83. On April 30, 2023, Plaintiff checked herself into Reno Behavioral Health as a result of Plaintiff's mental health condition and mental state.

84. On May 12, 2023, Plaintiff again met with the County Therapist and the County Therapist recommended that Plaintiff obtain medical retirement and receive intensive EMDR therapy. However, Plaintiff's physician, Dr. Lemus, suggested alternative solutions such as learning to manage anxiety through healthy coping mechanisms, self-care, breaks, FMLA, seeking help, delegating tasks, and continuing to monitor and treat as needed. Dr. Lemus' diagnosis and recommendations for treatment to Plaintiff differed from the County Therapist's medical diagnosis and recommendations for

treatment. Accordingly, the Plaintiff remained under Dr. Lemus' care and continued treatment as directed by Dr. Lemus.

85. Defendant, after being placed on notice of Plaintiff's disability, failed to engage in the interactive process, despite Plaintiff's request for FMLA, and failed to provide Plaintiff with reasonable accommodations, such as a leave of absence so that Plaintiff could undergo treatment to treat her mental health diagnoses.

86. Defendant, after being placed on notice of Plaintiff's mental health diagnoses, rather than initiate or engage in a meaningful interactive process with Plaintiff to explore potential accommodations, Defendant took adverse action against Plaintiff.

87. For example, after learning of the Plaintiff's disability via the medical evaluation conducted by the County Therapist, the Defendant placed Plaintiff on administrative unpaid leave. The Defendant also caused Plaintiff to be recommended for termination, resulting in a constructive discharge, which resulted in loss of income and benefits.

88. All such wrongful conduct was committed by supervisors, with the authority to hire, fire, and take adverse action against Plaintiff, or transpired with the full knowledge and awareness of Defendant.

89. Plaintiff suffered severe emotional, psychological, vocational and financial damages as a direct cause of Defendant's conduct and is entitled to compensatory damages up to three hundred thousand U.S. Dollars ($300,000).

90. Plaintiff is entitled to reasonable attorney fees.

91. In addition to reasonable attorney fees, Plaintiff is entitled to reasonable expert fees.

**SECOND CLAIM FOR RELIEF**

Discrimination Against a Qualified Individual by Covered Entity
(*Violation of 42 U.S.C. §§ 12111 et. seq.)*

92. Plaintiff incorporates by reference each of the foregoing allegations as if fully set forth herein.

93. Plaintiff is a "qualified individual" as defined under 42 U.S.C. §§ 12111, as she could have performed the essential functions of her employment position with a reasonable accommodation of being provided a leave of absence to treat her mental health diagnoses.



JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

94. Further, Plaintiff is a "qualified individual" as she clearly satisfies the requisite skill, experience, education and other job-related requirements of the position of Director of WCHSA, as she had been employed in this position for approximately eight (8) years.

95. Defendant is a "covered entity" as defined under 42 U.S.C. §§ 12111.

96. Defendant violated 42 U.S.C. §§ 12112 when it required Plaintiff undergo a medical examination to likely determine the nature and/or severity of Plaintiff's disability, when such examination or inquiry was not job-related or consistent with business necessity.

97. Defendant violated 42 U.S.C. §§ 12112 when after learning of Plaintiff's disability, her mental health diagnoses, Defendant failed to initiate or participate in a meaningful interactive process to explore reasonable accommodations for Plaintiff, which would have allowed Plaintiff to otherwise perform her job duties.

98. Defendant violated 42 U.S.C. §§ 12112 when it discriminated against Plaintiff when it denied Plaintiff continued employment benefits because of Plaintiff's known disability.

99. All such wrongful conduct was committed by supervisors, with the authority to hire, fire, and take adverse action against Plaintiff, or transpired with the full knowledge and awareness of Defendant.

100. Plaintiff suffered severe emotional, psychological, vocational and financial damages as a direct cause of Defendant's conduct and is entitled to compensatory damages.

101. Plaintiff is entitled to reasonable attorney fees.

102. In addition to reasonable attorney fees, Plaintiff is entitled to reasonable expert fees.

## THIRD CLAIM FOR RELIEF

Prohibition Against Retaliation and Coercion
(*Violation of 42 U.S.C. §12203)*

103. Plaintiff incorporates by reference each of the foregoing allegations as if fully set forth herein.

104. Defendant discriminated against Plaintiff because Plaintiff opposed Defendant's unlawful actions.

105. On April 12, 2023, Plaintiff visited the County Therapist contracted by the Defendant for the alleged substance abuse evaluation as requested by the Defendant.

JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

106. On April 24, 2023, just days after Defendant was put on notice of Plaintiff's disability, Ms. Hurley contacted Sandra Ketner ("Ms. Ketner"), a human services agency investigator with Simons Hall Johnston, and retained Ms. Kenter as an independent special investigator in "relation to concerns reported by Human Services Agency ("HSA") staff members" regarding Plaintiff.

107. On April 27, 2023, only days after Defendant was put on notice of Plaintiff's disability, Mr. Brown sent an email to Washoe County Commissioners, with Ms. Hurley cc'd on the email, informing the Washoe County Commissioners that Plaintiff was placed on administrative leave while an investigation was conducted "based on complaints submitted to HR from HSA employees.

**From:** Brown, Eric P. <EPriceBrown@washoecounty.gov>
**Sent:** Thursday, April 27, 2023 9:47 AM
**To:** Washoe County Commissioners <Commissioners@washoecounty.gov>
**Cc:** Hurley, Patricia <PHurley@washoecounty.gov>
**Subject:** HSA Director Investigation

Commissioners,

This is to inform you that the HSA Director Amber Howell has been placed on administrative leave while we conduct an investigation based on complaints submitted to HR from HSA employees. Please be advised that this is a confidential personnel matter and for the privacy of all concerned you should not discuss this matter with Amber or any employees or outside parties. We will provide more information at the appropriate time.

Thanks

Eric P. Brown
County Manager
epricebrown@washoecounty.gov
775.451.4104
1001 E. Ninth St., Bldg. A
Reno, NV 89512

108. Plaintiff had no disciplinary action taken against her by Defendant prior to April of 2023, nor had Plaintiff been made aware of any issues prior to this date.

109. On May 1, 2023, Plaintiff hired an attorney to assist Plaintiff with enforcing Plaintiff's rights and privileges under the color of the law.

110. Shortly thereafter, Defendant interfered, intimidated, and threatened Plaintiff as a result of Plaintiff having exercised enjoyment of her rights as set forth under the Act. Specifically, Defendant insisted on continuing an improper investigation into three-year-old complaints made against Plaintiff.

JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

111. On May 22, 2023, Ms. Hurley sent an email to Ms. Ketner requesting that Ms. Ketner revise her investigatory report to include additional details. Ms. Hurley Provided Ms. Ketner examples of the direction in which Ms. Ketner's report could be improved to be most harmful to the Plaintiff. Ms. Hurley states in her email, "I know it is not customary but will be helpful since [Plaintiff] has retained an attorney."

**From:** Hurley, Patricia <PHurley@washoecounty.gov>
**Sent:** Monday, May 22, 2023 11:46 AM
**To:** Sandra C. Ketner <sketner@shjnevada.com>
**Cc:** McPalmer, Lorna P. <LMcPalmer@washoecounty.gov>
**Subject:** RE: HSA Investigation

Hi Sandy,

Thank you for allowing me time to review. Is it possible to add a little more detail like: add a date or date range for each allegation and a possible description about what she is alleged to have done.

For example: On or about DATE, you are alleged to have violated Washoe County Code of Conduct requiring honesty, respect, fairness and courtesy when you were untruthful with an employee or your supervisor. I do not have details like you do or I would put them in.

I know it is not customary but will be helpful since she has retained an attorney. Please let me know if you have any questions. Thanks, Patricia

**Patricia Hurley**
**Director | Department of Human Resources**
phurley@washoecounty.gov | Office: 775.328.2087 | Fax: 775.328.6119
1001 E. Ninth St., Bldg. A, Reno, NV 89512
Office Hours: Monday-Thursday | 8:00am-5:00pm

112. Despite Ms. Hurley's direction to Ms. Ketner, the Defendant represented to the Plaintiff that Ms. Ketner's investigation into the Plaintiff was done by an "independent" special investigator.

113. Yet again, on June 5, 2023, Hurley sent an email to Ryan Gustafson ("Gustafson") requesting that Gustafson inquire into "[a]ny records of when Amber had access to a county car."

**From:** Hurley, Patricia
**Sent:** Monday, June 5, 2023 2:15 PM
**To:** Gustafson, Ryan
**Cc:** McPalmer, Lorna P.
**Subject:** RE: Confidential HR Matter - Email Request from you

Also, I have a request regarding the County car. Can you please help with the following:

- Any records of when Amber had access to a county car (she said it was 4 years ago and approved by Kevin Schiller)

Logs or anything that show when she used County vehicles may be helpful. Thanks, Patricia

**Patricia Hurley**
**Director | Department of Human Resources**
phurley@washoecounty.gov | Office: 775.328.2087 | Fax: 775.328.6119
1001 E. Ninth St., Bldg. A, Reno, NV 89512
Office Hours: Monday-Thursday | 8:00am-5:00pm

**JEPSEN LAW, PLLC**
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

114. The timing of the inquiry is indicative of the Defendant's efforts to retroactively find wrongdoing to conceal the Defendant's real motive for its discriminatory actions against Plaintiff.

115. The June 5, 2023, email came nearly two months after the Plaintiff submitted to the Defendant's de facto medical evaluation at which point Defendant was placed on notice of Plaintiff's disability.

116. Indeed, less than one year prior, on July 12, 2022, Plaintiff's manager, Ms. Thomas, gave Plaintiff exemplary remarks in her annual performance review, including "Exceeds Requirements" in the following categories: Job Knowledge, Skills, and Abilities; Organizational Departmental Knowledge; Interpersonal Effectiveness such as communication, customer services, personal relationships, and teamwork; Organizational Systems Awareness, such as action and results, ethics and integrity, accountability, adaptability, and continuous learning.

117. On July 12, 2022, Ms. Thomas stated that Plaintiff had seen the following successes, among many others:

A. Reunification of 255 children with their biological parents under the guidance and efforts of proper services and successful case planning.

B. Overseeing a clinical services team that provided clinical assessment, response, and treatment to 841 children and families.

C. Increased foster parent payments by 10% and provided 3 separate incentive bonuses with COVID funds.

D. Continued refinement at Our Place including the 20 additional women's beds for women who require more intensive mental health supports (opened June 2021).

E. Facilitated the admission of over 375 homeless individuals and families directly affected by COVID 19.

F. Provided case management to 159 unique seniors during 2021.

G. Assisted 41 unique seniors through the Representative Payee program with case management while the Fiduciary provider manages their financial affairs, ensuring vulnerable seniors are able to maintain housing and other essential personal needs.

118. Defendant retaliated against Plaintiff because Plaintiff opposed Defendant's unlawful actions and sought an attorney to pursue her rights.

119. Defendant retaliated against Plaintiff by placing Plaintiff on leave without pay on June 14, 2023, and then, in the ultimate act of retaliation, on July 13, 2023, County Manager Eric Brown, informed Plaintiff that based upon the findings of the County's retaliatory investigation, he would be recommending Plaintiff's termination to the Board of County Commissioners. County Manager Brown's recommendation was Defendant's way of seeking retribution against the Plaintiff because Plaintiff dared to stand up for herself and her rights.

120. County Manager Brown's recommendation was based on alleged complaints that were nothing more than pretext for the truth, discrimination against Plaintiff as a result of her disability.

121. County Manager Brown's recommendation was based on a report by an "independent special investigator" that was not truly independent. As Ms. Hurley stated herself, in an email Hurley sent to Ms. Ketner on May 18, 2023, "I feel we have to give a little more on this one."

**From:** Hurley, Patricia <PHurley@washoecounty.gov>
**Sent:** Thursday, May 18, 2023 8:43 AM
**To:** Sandra C. Ketner <sketner@shjnevada.com>
**Cc:** McPalmer, Lorna P. <LMcPalmer@washoecounty.gov>
**Subject:** Re: HSA Investigation

Hi Sandy,

Are you able to work with me to create a draft notice outlining, at a high level, the allegations please? I feel we have to give a little more on this one. I included Lorna to provide you what we normally give department heads for you to add some things. Thank you for your help.

Sincerely,
Patricia Hurley
HR Director

122. All such wrongful conduct was committed by supervisors, with the authority to hire, fire, and take adverse action against Plaintiff, or transpired with the full knowledge and awareness of Defendant.

123. Plaintiff suffered severe emotional, psychological, vocational and financial damages as a direct cause of Defendant's conduct and is entitled to compensatory damages.

124. Plaintiff is entitled to reasonable attorney fees.

125. In addition to reasonable attorney fees, Plaintiff is entitled to reasonable expert fees.

**JEPSEN LAW, PLLC**
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

**FOURTH CLAIM FOR RELIEF**
General Discrimination against Qualified Individual
(*Violation of 42 U.S.C. §12131 et. seq.)*

126. Plaintiff incorporates by reference each of the foregoing allegations as if fully set forth herein.

127. Defendant's actions violated Section 504 of the Rehabilitation Act, 29 U.S.C. §794a.

128. Defendant is a governmental agency that receives federal funds and discriminated against Plaintiff because of Plaintiff's disability.

129. Defendant is a "public entity" as defined under 42 U.S.C. §12131.

130. Plaintiff is a "qualified individual with a disability" as defined under 42 U.S.C. §12131.

131. Defendant denied Plaintiff the benefits of the services, programs, or activities offered by Defendant, including but not limited to employment as well as continued enrollment in the County's Public Employees' Retirement System and health benefits.

132. Defendant subjected Plaintiff to discrimination when after learning of Plaintiff's disability, Defendant placed Plaintiff on leave without pay without initiating or participating in a meaningful interactive process to explore possible reasonable accommodations with Plaintiff.

133. Defendant subjected Plaintiff to discrimination when after learning of Plaintiff's disability, the County Manager informed Plaintiff that he would be recommending Plaintiff's termination to the Board of County Commissioners.

134. Defendant subjected Plaintiff to discrimination when after learning of Plaintiff's disability, Defendant constructively discharged Plaintiff, in the manner stated above.

135. All such wrongful conduct was committed by supervisors, with the authority to hire, fire, and take adverse action against Plaintiff, or transpired with the full knowledge and awareness of Defendant.

136. Plaintiff suffered severe emotional, psychological, vocational and financial damages as a direct cause of Defendant's conduct and is entitled to compensatory damages.

137. Plaintiff is entitled to reasonable attorney fees.

138. In addition to reasonable attorney fees, Plaintiff is entitled to reasonable expert fees.

JEPSEN LAW, PLLC
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

**FIFTH CLAIM FOR RELIEF**
Violation of Nevada Statutory Protections

139. Plaintiff incorporates by reference each of the foregoing allegations as if fully set forth herein.

140. Defendant is an "employer" within the meaning of NRS 613.310.

141. NRS 613.330 makes it unlawful for an employer to discriminate against an employee with respect to the person's compensation, terms, conditions or privileges of employment, because of the employee's disability. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to discriminatory practices, including without limitation, retaliatory and adverse actions affecting her compensation, terms, conditions or privileges of employment because of her disability.

142. As a direct and proximate result of Defendant's violation of NRS 613.330, Plaintiff suffered lost wages, lost benefits, lost status, lost reputation, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Plaintiff seeks all legal and equitable remedies available at law.

143. All such wrongful conduct was committed by supervisors, with the authority to hire, fire, and take adverse action against Plaintiff, or transpired with the full knowledge and awareness of Defendant.

**VI.**
**PRAYER FOR JUDGMENT AND RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1. For appropriate declaratory relief regarding the unconstitutional and unlawful acts of Defendant;

2. Actual damages in the form of back pay and front pay;

3. For appropriate compensatory damages in an amount to be determined at trial;

4. For punitive damages in an amount to be determined at trial;

5. For appropriate equitable relief against Defendant as allowed by law, including the enjoining and permanent restraining of these violations, and direction to Defendant to take such affirmative action necessary to ensure that the effects of the unconstitutional and unlawful

employment practices are eliminated and do not continue to affect Plaintiff's or others' employment opportunities;

6. For an award of reasonable attorney fess and costs as permitted under applicable state and federal statutory law.

7. For such other and further relief to which Plaintiff may show herself justly entitled.

DATED this 7th day of May, 2025.

By: /s/ *Kendra J. Jepsen*
KENDRA J. JEPSEN, Esq.
Nevada State Bar No. 14065
JEPSEN LAW, PLLC
405 Marsh Street
Reno, Nevada 89509
*Attorneys for Plaintiff, Amber Howell*

DATED this 7th day of May, 2025.

By: /s/ *Silvia U. Villanueva*
SILVIA U. VILLANUEVA, ESQ.
Nevada State Bar No. 13608
BLACK & WADHAMS
50 W. Liberty Street, Ste. 1100
Reno, Nevada 89501
*Attorneys for Plaintiff, Amber Howell*

**JEPSEN LAW, PLLC**
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

**JEPSEN LAW, PLLC**
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of JEPSEN LAW, PLLC, that I am over the age of 18 and not a party to the above-referenced matter, and that on the date below I filed and served the **SECOND AMENDED COMPLAINT AND JURY DEMAND** by the method(s) indicated below:

■ **BY NOTICE OF ELECTRONIC FILING**: through Electronic Case Filing System of the United States District Court, District of Nevada, to the individuals and/or entities at their email addresses as set forth below:

Michael W. Large, Esq.
mlarge@da.washoecounty.gov
Lindsay Liddell, Esq.
lliddell@da.washoecounty.gov

☐ **BY HAND DELIVERY VIA COURIER:** by causing hand delivery of the Document listed above via _____ to the persons at the addresses set forth below:

☐ **BY MAIL:** by placing the Document listed above in a sealed envelope with postage thereon fully prepaid in the United States Mail at Reno, Nevada, and addressed as set forth below. I am readily familiar with my office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on _______ with postage thereon fully prepaid in ordinary course of business.

DATED this 7th day of May, 2025.

*/s/ Morgan Strauser*
Employee of Jepsen Law, PLLC.

**JEPSEN LAW, PLLC**
405 Marsh Avenue
Reno, NV 89509
Phone: (775) 376-7070

**INDEX OF EXHIBITS**


| EXHIBIT | DESCRIPTION | PAGES |
|---|---|---|
| 1 | Right-to-Sue letter from the Los Angeles District Office of the EEOC dated June 5, 2024 | 4 |