UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AMBER HOWELL,<br><br>    Plaintiff<br><br>v.<br><br>WASHOE COUNTY,<br><br>    Defendant | Case No.: 3:24-cv-00280-CSD<br><br>**Order**<br><br>Re: ECF No. 113 |

Before the court is Defendant Washoe County's motion to strike Plaintiff's second motion for partial summary judgment. (ECF No. 113.) Plaintiff filed a response. (ECF No. 114.) Washoe County filed a reply. (ECF No. 115.) For the reasons set forth below, Washoe County's motion is granted.

**I. BACKGROUND**

On January 26, 2026, Plaintiff filed a motion for partial summary judgment as to several of the elements of her claim for discrimination under the Americans with Disabilities Act (ADA). The motion for partial summary judgment is 28 pages, exclusive of exhibits. (ECF No. 107.)

The same day, Plaintiff filed a second motion for partial summary judgment requesting a finding that Washoe County required her to submit to a medical examination that was not job-related and consistent with a business necessity, and prohibited by 42 U.S.C. § 12112(d)(4)(A). That motion is 17 pages, exclusive of exhibits. (ECF No. 111.)

Washoe County moves to strike the second motion for partial summary judgment as violating Local Rule 7-3(a), which limits a motion for summary judgment to 30 pages, exclusive of exhibits. (ECF No. 113.)

Plaintiff argues that Federal Rule of Civil Procedure 56 does not limit a party to a single motion for summary judgment, and maintains that her filings were proper under Local Rule 7-3(a) because the motions address different causes of action.

## II. DISCUSSION

While Federal Rule of Civil Procedure 12(f) provides authority for the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a *pleading*, it does not authorize the court to strike material contained in other documents filed with the court. *See* Fed. R. Civ. P. 12(f). Courts, however, have inherent powers to control their dockets, *see Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citations omitted), and to "achieve the orderly and expeditious disposition of cases." *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991). "This includes the power to strike items from the docket as a sanction for litigation conduct." *Ready*, 627 F.3d at 404 (citations omitted); *see also Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1068 (D. Nev. 2012) (citing *Ready*, 627 F.3d at 404). "Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate ... conduct." *Wallace,* 862 F.Supp.2d at 1068 (citing *Mazzeo v. Gibbons*, No. 2:08-cv-01387-RLH-PAL, 2010 WL 3910072, at * 2 (D. Nev. Sept. 30, 2010)).

The court agrees with Washoe County that Plaintiff's second motion for partial summary judgment was impermissible under Local Rule 7-3(a).

Local Rule 7-3(a) limits motions for summary judgment and responses to 30 pages, and is explicit that parties may not circumvent the rule by filing multiple motions.

2

1    Plaintiff argues that she filed two separate motions for summary judgment related to *two*
2 *separate causes of action* using *two entirely different sets of facts*. (ECF No. 114 at 5:1-2.)
3    Plaintiff's argument is disingenuous.
4    Plaintiff's second amended complaint includes the following general allegations: Plaintiff
5 was accused of appearing under the influence at a public meeting in April of 2023, and was
6 placed on administrative leave and required to submit to a substance abuse evaluation. (ECF No.
7 40 at 4.) Plaintiff saw a county therapist for the evaluation, but she claims that it actually was a
8 medical exam that was not job-related or consistent with business necessity. (*Id*. at 5-6.) She
9 avers that the county therapist advised Washoe County of her opinions that Plaintiff had mental
10 trauma connected to the nature of her employment as well as her recommendations that Plaintiff
11 obtain medical retirement and undergo additional therapy. (*Id*. at 6.) Plaintiff was then the
12 subject of an investigation, and contends the investigator not provided with the county therapist's
13 reports. Plaintiff was placed on leave without pay as a result of the investigator's preliminary
14 findings. (*Id*. at 7.) Plaintiff claims Washoe County failed to reasonably accommodate Plaintiff's
15 mental health diagnoses even though at she sought FMLA leave to complete therapy and
16 counseling services. Washoe County then recommended Plaintiff's termination, which Plaintiff
17 alleges was intended to force Plaintiff to resign. (*Id*. at 7-8.)
18    Plaintiff's second amended complaint includes five claims for relief. The first claim for
19 relief is for violation of 42 U.S.C. §§ 1981a and 1988. 42 U.S.C. § 1981a does not itself provide
20 a private right of action. Instead, it provides for the recovery of monetary damages in connection
21 with an action brought under the ADA for discrimination, including failure to provide a
22 reasonable accommodation. 42 U.S.C. §§ 1981a(2). 42 U.S.C. § 1988 also does not itself provide
23

a private right of action. Instead, it provides for the recovery of attorney's fees in certain civil rights actions.

Apart from that, the first claim for relief alleges that Plaintiff is a qualified individual with disabilities that substantially limited her major life activities for purposes of the ADA, and Washoe County intentionally discriminated against her in violation of the ADA. This claim includes averments that Washoe County required her to be evaluated by the county therapist for a substance abuse evaluation and facts regarding the nature of that evaluation.  Plaintiff further asserts that Washoe County was on notice of her disability and failed to engage in the interactive process and provide her with reasonable accommodations to undergo mental health treatment. Instead, she asserts Washoe County took adverse action against her by placing her on unpaid administrative leave and then recommended her termination. (ECF No. 40 at 10-12.)

Plaintiff's second claim for relief is for discrimination in violation of the ADA (42 U.S.C. §§ 12111, *et. seq.*). She repeats her allegations that she is a qualified individual with a disability for purposes of the ADA, and goes on to assert that Washoe County violated the ADA when it required her to undergo a medical examination that was not a job-related necessity or consistent with business necessity, and then failed to participate in the interactive process or explore reasonable accommodations, and denied her continued employment. (*Id*. at 12-13.)

Plaintiff's third claim for relief is for retaliation and coercion in violation of the ADA. She claims that Washoe County placed her on unpaid leave and then recommended her termination after she hired an attorney to protect her rights. (*Id*. at 15-17.)

Plaintiff's fourth claim for relief is for "general discrimination" under the ADA. In this claim for relief, Plaintiff alleges that Washoe County violated the ADA and Rehabilitation Act

4

1  (RA) when it placed her on leave without pay without participating in the interactive process or
2  exploring reasonable accommodations, and then recommending her termination. (*Id*. at 18.)
3       Finally, Plaintiff's fifth claim for relief is for employment discrimination in violation of
4  Nevada Revised Statute (NRS) 613.330, based on the same facts that support her federal claims.
5  (*Id*. at 19.)
6       Plaintiff's first motion for partial summary judgment seeks an order entering judgment in
7  her favor as to the following elements of her ADA discrimination claims: (1) that she has a
8  physical or mental impairment; (2) that her mental impairment substantially limited one or more
9  major life activity; and (3) she is a qualified individual capable of performing the essential
10 functions of her former job. (ECF No. 107.)
11      The second motion for partial summary judgment asks the court to find that Washoe
12 County forced Plaintiff to submit to a medical examination that was not job-related and was not
13 consistent with a business necessity, in violation of the ADA. (ECF No. 111.)
14      Plaintiff did not file motions for partial summary judgment as to two separate causes of
15 action. Instead, she filed two motions for summary judgment with respect to different elements
16 of the same cause of action: discrimination under the ADA. The second motion does not involve
17 a separate set of facts because the allegation that Washoe County required her to submit to a
18 substance abuse evaluation is part of the general framework of her ADA discrimination claim.
19 Accordingly, the court finds that the second motion was filed in violation of Local Rule 7-3(a).
20      Plaintiff was aware of the process to seek leave to exceed the 30-page limit because she
21 filed a motion to do so with respect to her response to Washoe County's dispositive motion. She
22 did not do so, and instead, filed a second motion for partial summary judgment, utilizing *17*
23 *additional pages* to address the issue concerning the evaluation, which is part of Plaintiff's ADA

discrimination claim. The court cannot condone this conduct, particularly where Washoe County raised all of its arguments regarding Plaintiff's claims in a single motion for summary judgment. The court finds that striking the second motion for partial summary judgment is an appropriate remedy to address Plaintiff's conduct.

### III. CONCLUSION

Washoe County's motion to strike (ECF No. 113) is **GRANTED**. Plaintiff's second motion for partial summary judgment (ECF No. 111) is **STRICKEN**.

**IT IS SO ORDERED**.

Dated: February 25, 2026

_____
Craig S. Denney
United States Magistrate Judge